**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4206**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

MARKEITH HART, a/k/a Scrap,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:14-cr-00207-F-1)

———————

Submitted:  December 17, 2015        Decided:  December 21, 2015

———————

Before DIAZ and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

James C. White, Michelle M. Walker, LAW OFFICE OF JAMES C. WHITE, P.C., Chapel Hill, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Markeith Hart appeals from the 87-month sentence imposed after he pleaded guilty to possession of an unregistered National Firearms Act weapon, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871 (2012). The district court departed upward based on U.S. Sentencing Guidelines Manual §§ 4A1.3, 5K2.21 (2014), concluding that dismissed conduct and a substantially underrepresented criminal history supported the departure. Finding no error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015). Because Hart did not object to the upward departure at sentencing, we review for plain error whether the court procedurally erred in departing upward. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010).[*]

Hart argues that the court did not explain why criminal history category IV substantially underrepresented the

_____

[*] Hart requested a sentence at the low end of the Guidelines range established after the upward departure applied. While this preserved a challenge to the substantive reasonableness of the sentence, the court's determination that Hart qualified for an upward departure was unchallenged in the objections to the presentence report and at sentencing. See Lynn, 592 F.3d at 578.

2

seriousness of his criminal history or the likelihood that he would commit other crimes. He further contends that his prior convictions had already been counted in determining his criminal history category and were impermissibly considered under § 5K2.21 and that the district court did not identify any additional conduct that supported application of § 5K2.21.

When reviewing a variance or departure, this court considers whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range. United States v. McNeill, 598 F.3d 161, 166 (4th Cir. 2010). An upward departure may be warranted if "reliable information indicates that the defendant's criminal history category significantly underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1). A district court may base an upward departure pursuant to § 4A1.3 on a defendant's prior convictions, even if those convictions are too old or otherwise not counted in the calculation of the Sentencing Guidelines range. See USSG § 4A1.3(a)(2).

When the district court applied an upward departure in part under USSG § 5K2.21, it permissibly relied on the nature and seriousness of the dismissed count of felon in possession of a firearm. Reviewed as a whole, this record supports the court's

3

consideration of the dismissed count and reveals that no conduct or criminal history was impermissibly double-counted. Further, the court gave an adequate explanation of its reasons for departing upward based on the underrepresentation of Hart's criminal history. Thus, no error, plain or otherwise, resulted.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>